## A. E. ALEXANDER v. HARRIET L. HUNTER.

[FILED APRIL 1, 1890.]

1. **Taxes:** DOUBLE ASSESSMENT : SALE : PURCHASER ACQUIRES NO LIEN. In an action to foreclose tax liens the testimony showed that the real estate upon which it was sought to enforce a lien had been listed for taxation by an agent of the owner and the taxes paid by him; but that the property had also been entered in the non-resident list of lands and lots and sold for taxes; in other words, was twice assessed in one year. *Held*, That the tax purchaser had no lien on the property.

2. ———— : DESCRIPTION OF PROPERTY. An agent of a lot owner listed the lots as being in " Thompson's Addition," there being no description to show to what town or city it was an addition, but it was sworn to before the assessor of P. precinct, in which Thompson's addition was situated, and the list filed in the proper county office. *Held*, Sufficient to identify the lots.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*S. P. & E. G. Vanatta*, for plaintiff in error.

*James S. Mathews*, contra.

MAXWELL, J.

This is an action to foreclose certain tax liens upon lots 8, 9, and 10, in block 4; lots 9, 10, 11, 12, 13, and 14 in block 5, in Thompson's addition to the city of Plattsmouth.

The answer consists of a plea of the statute of limitations and that S. S. Billings, the husband and agent of Lucinda Billings, the owner of the lots when the taxes in question were assessed, had listed said lots and paid the taxes due thereon. On the trial of the cause the court found the issues in favor of the defendants and dismissed the petition. The plaintiff appeals.

The questions presented are purely questions of fact and are succinctly stated in the plaintiff's brief that " if they (the lots in controversy) were properly listed and taxes paid thereon by Billings, then the plaintiff's action will fail," otherwise he will be entitled to recover.

A tax list was introduced in evidence as follows :

"TOWN LOTS.

| Name of Town. | No. of Lot. | No. of Blk. | Assessed Value. |
|---|---|---|---|
| Thompson's Add. | | | $75 |
| | 8 | 7 | 100 |
| W ½ | ½ 4 | | 50 |
| | ½ 5 | | 50 |
| | ½ 1 | | 50 |
| | ½ 10 | | 50 |
| All | 12 | | 100 |

"I, S. S. Billings, do solemnly swear that I have listed within all the land, town lots, and all the personal property, moneys, and credits subject to taxation and owned by me, or required by law to be listed by me for any other persons, according to the best of my ability.

"S. S. BILLINGS.

"Subscribed and sworn to before me this 5th day of March, 1870.          J. W. JOHNSON,
          "Deputy Tax Assessor for Plattsmouth Precinct,
          Cass County, Nebraska."

Objections were made to the introduction of this list because a portion of it had been torn off and therefore it was not properly identified. The objection, however, was properly overruled. The list shows on its face that it was sworn to before an assessor for the precinct in which the lots were situated, and was filed in the proper office, and as Thompson's addition was in that precinct the description was sufficiently definite and certain.

The proof clearly shows that Billings paid the taxes

upon the lots so listed when they became due.    It also appears that the lots were placed in the list of non-resident lots and thus were twice assessed, and that at the sale under the non-resident list one Merriam, the grantor of the plaintiff, purchased said lots; that afterwards when the mistake was discovered he was repaid the purchase money. In 1871 and 1872 the lots were again listed by Billings and the taxes levied thereon paid by him.    As these taxes were the basis of his alleged lien, and it is apparent from the evidence that nothing is due the plaintiff thereon, the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.